## LUDY v. COLUSA COUNTY.[*]

### No. 18,403; July 27, 1895.

#### 41 Pac. 300.

Road Overseer—Authority to Do Work.—Under Political Code, section 2645, providing that road overseers, under the direction and supervision of the road commissioners, and pursuant to orders of the board of supervisors, must take charge of the highways in their districts, and shall employ the necessary help and keep the highways in good repair, the order of the road commissioner of a district is sufficient authority for the overseer to have repairs done on the road and materials furnished therefor.

A Road Overseer has Sufficient Authority to Make Repairs on roads and obtain material therefor, he having kept within the directions of the road commissioner, who, speaking to him in reference to work on the roads, told him not to work in excess of the funds of the district.

APPEAL from Superior Court, Colusa County; E. A. Bridgford, Judge.

Action by W. W. Ludy against the county of Colusa, for work done as road overseer. Judgment for defendant. Plaintiff appeals. Reversed.

M. J. Keys for appellant; Ernest Weyand for respondent.

GAROUTTE, J.—Plaintiff was road overseer of road district No. 6, Colusa county. As such road overseer, during the fiscal year 1890–91, he individually performed work upon the roads of that district and employed others to do the same, and, at his instance and request, materials were furnished to be used, and which were used, in the repair of the roads of such district. Claims in proper form for the amounts due for this labor and these materials were presented by the various parties to the board of supervisors of Colusa county. These claims were rejected, and thereafter, being assigned to this plaintiff, action was brought to recover judgment thereon. Judgment went for defendant, and this appeal is from such judgment and from the order denying the motion for a new trial.

*For subsequent opinion in bank, see post, p. 381, 45 Pac. 166.

Defendant, by its answer, admits that the labor was performed upon the roads of road district No. 6, and that the materials were furnished for the benefit and repair of such roads, and that said labor was done and materials furnished at the special instance and request of plaintiff, as road overseer; but defendant denies that this labor was done and materials furnished upon the order of the board of supervisors. The court found as a fact that the work done, money expended, and materials furnished were not in pursuance of any order of the board of supervisors of Colusa county, or of the road commissioner of road district No. 6. Judgment for defendant appears to have been based largely upon the foregoing finding of fact, and we think the evidence fails to support it, for the reasons hereafter stated.

Section 2645 of the Political Code provides: "Road overseers, under the direction and supervision of the road commissioners, and pursuant to orders of the board of supervisors, must take charge of the highways within their respective districts, and shall employ all men, teams, watering carts, and all help necessary to do the work in their respective districts, . . . . keep them clear from obstructions and in good repair." Under this statute, there is no question but that the road commissioner of this district was authorized to order the work done and the materials furnished which were charged for in the claims presented to the board of supervisors, and which form the basis of this action. The road commissioner, Herd, was the only witness whose testimony in any way bore upon the finding of fact heretofore quoted. He testified, in effect, that he spoke to plaintiff Ludy in reference to work upon the roads, and told him not to "do work in excess of the amount of money apportioned; that is, not to run the district in debt in excess of the funds of the district." The court made an additional finding that "the entire indebtedness incurred against said road district No. 6, prior to the twelfth day of May, including the claim of plaintiff, in the complaint alleged, for the fiscal year ending June 30, 1891, did not equal the receipts from said district for said year"; and, when we consider this finding, in connection with the evidence of the road commissioner, we have no doubt whatever but that Ludy was clothed with ample authority to do this work, and contract for this material.

The question as to the transfer of certain moneys from the common fund to this road district fund during the previous fiscal year, and retransfer thereof to the common fund during the year when these liabilities were created, appears to be an immaterial matter. Neither is it material that the territory comprising road district No. 6 was subsequently lost to Colusa county by the creation of Glenn county. The court made an additional finding, to the effect that plaintiff, as road overseer, did not procure this work to be done or the materials to be furnished. This finding is in direct conflict with the admissions of the pleadings, and this fact, of itself, would appear to necessitate a new trial of the case. While a general demurrer to the complaint was overruled, we think, upon a new trial, the issues would be more clearly defined by an amendment to the complaint, alleging authority in the road overseer to enter into these various contracts; and we recommend an amendment to the pleadings to that effect. For the foregoing reasons, the judgment and order are reversed, and the cause remanded.

We concur: Harrison, J.; Van Fleet, J.